FLETCHER, Circuit Judge,
concurring in the result:
Although I agree that we should affirm the district court’s grant of summary judgment for the ADOT, I cannot concur in the lengthy path taken by the majority to reach that result.
This is an easy case. As the district court noted below, Blunk “did not contest [the ADOT’s] assertion that the Navajo Fee Lands are not ‘Indian Country.’ ” District Court Memorandum Decision and Order at 3-4. Despite that concession, Blunk contends that the balancing test articulated in White Mountain Apache Tribe v. Bracker, 448 U.S. 136, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980), ought to be applied to determine whether the ADOT can regulate his use of the Navajo Fee Lands. As the majority rightly points out, however, the White Mountain balancing test applies only where the land in question is “Indian country.” Thus, the issue before us is whether to treat the Navajo Fee Land as though it were Indian country, despite the parties’ concession that it is not Indian country. Such treatment is without precedent, and is properly rejected.
Readers of the majority opinion might have thought that the question before us was considerably more complex. The majority’s extensive discussion of “dependent Indian communities” suggests that this ease requires a nuanced parsing of recent Supreme Court precedent. It does not. Indeed, such is the disjunction between the narrowness of the case and the breadth of the majority’s reasoning that I fear we have all fallen down the rabbit hole, arriving in a realm of mad tea parties and hedgehog croquet where “off with his head” is the “only ... way of settling all difficulties, great or small.” Lewis Carroll, Alice’s Adventures in Wonderland 125 (William Morrow & Co. 1992) (1866). Like the Queen of Hearts, the majority provides an answer out of proportion to the question posed. Blunk concedes the land is not Indian country. We need not, therefore, *885 undertake a dependent Indian communities analysis, the purpose of which is to determine whether the land is something Blunk already admits it is not.
Even if a discussion of dependent Indian communities were necessary, the record in this case is insufficient for the task. In part because the Navajo Nation has declined to participate in this litigation, the record does not adequately disclose whether, and to what extent, there is any federal superintendence over the Navajo Fee Land. The extent of that superintendence may well be at issue in future cases. The Navajo Nation may itself be directly involved in such cases, thus affording the development of a more complete factual record. Especially because the outcome of this case does not turn on the extent of federal superintendence over the Navajo Fee Land, we should not pre-judge the issue. This is a simple case, simply resolved. Land that is concededly not Indian country must not be treated as though it were Indian country for purposes of the White Mountain balancing test. We should say nothing more.